[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 29, 1992, Hendel, J. issued a Memorandum of Decision in the above-captioned matter granting an application to appoint an arbiter and to compel arbitration and the plaintiff's motion for order pendente lite. In that CT Page 6620-S memorandum, Judge Hendel concluded:
 For the reasons stated above, the court makes the following orders:
 (1) The parties shall submit to the court within ten days from the date of this order the name of one person acceptable to both parties as a sole arbiter in this matter or each party shall submit a list of the names of three persons acceptable to such party as a sole arbiter.
 (2) The parties are to appear before the court on January 19, 1993, at 11:00 a.m. to argue as to the appropriate order pendente lite in this matter.
In that memorandum, Judge Hendel specifically found that52-422 gives the court discretion in choosing judicial remedies to aid in the arbitration process.
Subsequent to Judge Hendel's order of December 29, 1992, the defendant, William C. Spicer, III, filed a motion entitled "Motion to Recognize Stay Pending Appeal" dated January 21, 1993, and filed an additional motion entitled "Motion to Dismiss Request for Orders Pendente Lite" dated March 23, 1993, which second motion claimed in substance that 52-422 was unconstitutional CT Page 6620-S by reason of vagueness. Unless Judge Hendel's order of December 29, 1992 has been vitiated either by reason of the claimed automatic stay or unless the court finds 52-422 unconstitutional, it is now incumbent upon this court to fashion the appropriate order pendente lite referred to in the second paragraph of Judge Hendel's order.
Automatic Stay
Clearly, a timely appeal has been filed to Judge Hendel's order of December 29, 1992. Equally clearly, pursuant to 4046 of the Practice Book, any "proceeding to enforce or carry out the judgment shall be automatically stayed" and any motion to terminate that stay must be made to Judge Hendel as the judge who issued the original order.
It is the holding of the court that the automatic stay pertains to paragraph 1 of Judge Hendel's order. It is further the holding of the court that matters relating to paragraph 2 of Judge Hendel's order concerning security by pendente lite orders are not included within the scope of the automatic stay.
Vagueness
The parties have not cited and the court cannot find any direct CT Page 6620-T authority in Connecticut which has dealt with the question of the unconstitutionality for vagueness of 52-422. As the defendant admits with admirable candor in his brief, because the statute carries with it a strong presumption of constitutionality, a challenge must establish its unconstitutionality beyond a reasonable doubt. [citations omitted.] In the absence of weighty countervailing circumstances, it is improvident for the court to invalidate a statute on its face. [citations omitted.] In construing a statute, the court must search for an effective and constitutional construction that reasonably accords the legislature's underlying intent. [citations omitted.]
In view of the three-prong test for the constitutionality of a validly enacted statute, the court, particularly when the constitutionality is challenged for the first time months after Judge Hendel's December 29, 1992 order, is not willing to hold the statute unconstitutionally vague.
Accordingly, following a lengthy heating on June 29, 1993 to consider "the appropriate order pendente lite in this matter," the court makes the following findings and orders:
Findings
(1) The businesses known as Spicer's and Spicer's, Inc. of CT Page 6620-U Noank in Groton have experienced difficult times.
(2) The businesses are being operated as efficiently as is reasonably possible by the defendant William Spicer.
(3) William Spicer applied approximately $365,000 of insurance proceeds intended for the Estate of John Spicer to the debts of the business.
(4) William Spicer has paid John Spicer and/or the Estate of John Spicer approximately $312,000 plus $35,000 of insurance proceeds for John Spicer's interest in the business.
(5) Nancy Spicer, as Executrix of the Estate of John Spicer, has a legitimate interest in the day-to-day operations of the businesses.
(6) There is no evidence of waste on the part of John Spicer of business assets.
(7) Any significant cash obligations imposed upon the business would jeopardize continued operation of the businesses.
Orders CT Page 6620-V
(1) Commencing on August 1, 1993 and monthly thereafter, William Spicer or his designee shall deliver to Nancy Spicer or her designee copies of all deposit slips to any checking account maintained by any of the businesses operated by the Spicer enterprises and lists of all checks written against any checking account which show the payee, the date of the check, and the amount of the check. Spicer enterprises shall receive no cash which is not deposited to a checking account nor shall it pay any bill but by check, drawn on a Spicer checking account for which the foregoing information is provided to Nancy Spicer or her designee.
(2) William Spicer is ordered not to transfer or in any manner further encumber any interest which he has in the following properties pending the resolution of this matter or further order of this court. The affected properties are all shown on the assessor's map of the Town of Groton and are more fully identified as follows: Map 123, lot 14; Map 123, lot 21; Map 123, lot 22; Map 123, lot 24; Map 123, lot 4; Map 123, lot 20; Map 285, lot 240; Map 285, lot 21; Map 285, lot 43; Map 285, lot 44.
(3) A copy of this order may be recorded on the land records of the Town of Groton and shall serve as notice of this order to any party proposing to acquire title to or any interest in any of the affected properties. CT Page 6620-W